Jeffrey S. Dubin, P.C.
Attorney for Plaintiffs
464 New York Avenue
Suite 100
Huntington, New York 11743
(631) 351-0300
(631) 351-1900 FAX
DubinJS@cs.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------x

| | |
|---|---|
| Fred Alston, as a Trustee of the LOCAL 272 LABOR-MANAGEMENT PENSION FUND; Fred Alston, as a Trustee of the LOCAL 272 WELFARE FUND, | Civil Action No.<br><br>ECF CASE |
| Plaintiffs, | |
| -against- | COMPLAINT |
| NAGLE PARKING INC., NAGEL PARKING MANAGEMENT LLC, NAGLE PARKING NO. 2 INC., | |
| Defendants. | |

----------------------------------------------------x

Plaintiffs, complaining of the defendants, by its attorney, JEFFREY S. DUBIN, P.C., allege as follows:

### Jurisdiction

1. The jurisdiction of this court is invoked pursuant to Section 502 of the Employee Retirement Income Security Act of 1974 (E.R.I.S.A.) 29 U.S.C. § 1132.

### Nature of Action

2. This is an action by a Trustee of two employee benefit plans under Section 502 of E.R.I.S.A., 29 U.S.C. § 1132, on behalf of the Trustees of the two plans, to enforce the obligations of the defendants to make contributions to these plans; to obtain appropriate equitable relief, to wit,

an accounting; to redress such violations; to enforce the provisions of E.R.I.S.A.; to enforce the terms of the employee benefit plans. More specifically this is an action to compel the defendants to furnish to the Funds by audit, such books and records that will enable the Funds to determine the amount of contributions owed to said Funds on behalf of Fund participants employed by the defendants, pursuant to Section 502(a)(3)(B) of E.R.I.S.A., 29 U.S.C. § 1132(a)(3)(B); to require the defendants to make such payments to the Funds, pursuant to Section 502(a)(3) of E.R.I.S.A., 29 U.S.C. § 1132(a)(3), as are determined to be due by said audits, plus reasonable attorney fees, costs, interest and penalties, pursuant to Section 502(g) of E.R.I.S.A., 29 U.S.C. §1132(g).

3. The two plans provide pension and health benefits to thousands of active and retired parking garage employees and their families.

4. ERISA requires the Trustees to take all reasonable steps to collect delinquent contributions. ERISA further requires the Trustees to provide pension credits to plan participants even if the Trustees are unable to collect delinquent contributions.

## The Parties

5. Plaintiff, Fred Alston, as a Trustee of the Local 272 Labor-Management Pension Fund (Pension Fund) and as a Trustee of the of the Local 272 Welfare Fund (Welfare Fund), is and was a fiduciary within the meaning of Section 3(21) of E.R.I.S.A., 29 U.S.C. § 1002(21).

6. The Pension Fund and the Welfare Fund are and were employee benefit plans within the meaning of Section 3(3) of E.R.I.S.A., 29 U.S.C. § Section 1002(3).

7. The Pension Fund, and the Welfare Fund (Fringe Benefit Funds) are and were administered within this district within the meaning of Section 502(e)(2) of E.R.I.S.A., 29 U.S.C. § 1132(e)(2), to wit, in the City, County and State of New York.

8. Upon information and belief, defendant Nagle Parking Management LLC is and was a domestic limited liability company, organized under the laws of the State of New York.

9. Upon information and belief, defendants Nagle Parking Inc., and Nagle Parking No. 2 Inc., are domestic corporations, incorporated under the laws of the State of New York.

10. Upon information and belief, the defendants are "trades and businesses (whether or not incorporated) which are under common control" within the meaning of Section 3(37)(B) of E.R.I.S.A., 29 U.S.C. § 1002(37)(B).

11. Defendants are and were employers within the meaning of Section 3(5) of E.R.I.S.A., 29 U.S.C. § 1002(5).

12. The Trustees of the Fringe Benefit Funds have authorized Fred Alston to bring this action on their behalf.

## AS AND FOR A FIRST CLAIM FOR RELIEF ON BEHALF OF PLAINTIFF, FRED ALSTON, AS A TRUSTEE OF THE FRINGE BENEFIT FUNDS

13. Plaintiff Fred Alston, as a Trustee of the Fringe Benefit Funds, repeats and realleges each and every allegation set forth in paragraphs 1 through 12.

14. Heretofore, defendants entered into contracts which, *inter alia*, provided for contributions by said defendants to the Fringe Benefit Funds for certain hours worked by participants employed by said defendants.

15. The Contracts between the Fringe Benefit Funds and defendants are, by their terms, effective from March 6, 2015 to March 5, 2022. The Contracts were renewed for the period of March 6, 2022 to September 8, 2023.

16. The Fringe Benefit Funds are Third Party Beneficiaries of said contracts.

17. Pursuant to said contracts, the Fringe Benefit Funds may require any employer of employees covered by said contracts to furnish to said Fringe Benefit Funds such information and reports and to make available by audit such books and records as they may require in the performance of their duties and to collect contributions owed to the Fringe Benefit Funds.

18. Upon information and belief, defendants employed persons who were participants in the Fringe Benefit Funds within the meaning of Section 3(7) of E.R.I.S.A., 29 U.S.C. § 1002(7), and are therefore obligated to pay contributions to each of the Fringe Benefit Funds for certain hours worked by participants in their employ.

19. The Fringe Benefit Funds demanded that defendants furnish to said Funds such information and reports, and to make available by audit such books and records in order to determine the amount of contributions owed to the Fringe Benefit Funds on behalf of their participants for the period of October 1, 2021, to the date of this complaint.

20. Notwithstanding such demands, defendants have failed and refused to furnish to the plaintiffs said information and reports and to make available by audit all books and records of all defendants' "trades and businesses (whether or not incorporated) which are under common control" of the defendants, within the meaning of Section 3(37)(B) of E.R.I.S.A., 29 U.S.C. § 1002(37)(B).

21. Plaintiffs are wholly ignorant of the amounts of money held by defendants except that defendants have failed and refused to account to plaintiffs therefore in breach of the terms of their collective bargaining agreements, and in breach of the Agreements and Declarations of Trust of the Fringe Benefit Funds.

22. Plaintiffs have no adequate remedy at law. This claim for relief seeks an accounting under the courts equitable powers pursuant to Section 502(a)(3)(B) of E.R.I.S.A., 29 U.S.C. §

1132(a)(3)(B).

AS AND FOR A SECOND CLAIM FOR RELIEF
ON BEHALF OF PLAINTIFF FRED ALSTON,
<u>AS A TRUSTEE OF THE PENSION FUND</u>

23. Plaintiff, Fred Alston, as a Trustee of the Pension Fund, repeats and realleges each and every allegation set forth in paragraphs 1 through 22.

24. Defendants have failed and refused and continue to refuse to pay to plaintiff, Pension Fund, the amounts owed to plaintiff in breach of the terms of the plan and in breach of the terms of the Agreement and Declaration of Trust and in violation of the provisions of Section 515 of E.R.I.S.A., 29 U.S.C. § 1145; upon information and belief, said amounts are as shall be determined by the audits requested hereinabove.

AS AND FOR A THIRD CLAIM FOR
RELIEF ON BEHALF OF PLAINTIFF
FRED ALSTON, AS A TRUSTEE
<u>OF THE WELFARE FUND</u>

25. Plaintiff, Fred Alston, as a Trustee of the Welfare Fund repeats and realleges each and every allegation set forth in paragraphs 1 through 23.

26. Defendants have failed and refused and continue to refuse to pay to plaintiff the amounts owed to plaintiff in breach of the terms of the plan and in breach of the terms of the Agreement and Declaration of Trust and in violation of the provisions of Section 515 of E.R.I.S.A., 29 U.S.C. § 1145; upon information and belief, said amounts are as shall be determined by the audits requested hereinabove.

**WHEREFORE**, plaintiffs demand judgment:

1. On the First Claim for Relief in favor of plaintiffs that all defendants furnish to said

plaintiffs by audit all books and records of all defendants' trades and businesses (whether or not incorporated) which are under defendants' common control, that will enable the plaintiff Fringe Benefit Funds to determine the amount of contributions owed to the Fringe Benefit Funds on behalf of said participants employed by the defendants for the period October 1, 2021, to present.

2. On the Second Claim for Relief in favor plaintiff, Fred Alston, as a Trustee of the Pension Fund and against all defendants in the amounts as shall be determined by the audits requested hereinabove.

3. On the Third Claim for Relief in favor of plaintiff, Fred Alston, as a Trustee of the Welfare Fund and against all defendants in the amounts as shall be determined by the audits requested hereinabove.

4. In accordance with Section 502(g)(2) of E.R.I.S.A., 29 U.S.C. § 1132(g)(2), awarding plaintiffs reasonable attorney fees and costs of the action pursuant to Section 502(g)(2)(D) of E.R.I.S.A., 29 U.S.C. § 1132(g)(2)(D),

AND, for such other, further, and different relief pursuant to E.R.I.S.A., as this Court deems appropriate.

Dated: Huntington, New York
February 20, 2023

Jeffrey S. Dubin
Jeffrey S. Dubin, P.C.
Attorney for Plaintiffs
464 New York Avenue
Suite 100
Huntington, NY 11743
(631) 351-0300
(631) 351-1900 FAX
DubinJS@cs.com

To: Defendants [Fed.R.Civ.P. § 4]